IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CLIFFORD RAY HACKETT,<br><br>    Plaintiff,<br><br>    vs.<br><br>USPS Post Office,<br><br>    Defendant. | CIVIL No. 15-00495 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

Pro se Plaintiff Clifford Ray Hackett ("Plaintiff") initiated this action on November 27, 2015 against the United States Postal Service ("Defendant"). *See* ECF No. 1. On December 14, 2015, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Motion to Allow Filing by Fax, and for Electronic Process Service. *See* ECF No. 5.

As of the August 5, 2016 Rule 16 Scheduling Conference, Plaintiff had not served Defendant. *See* ECF No. 18. The Court thus held a discussion with Plaintiff on perfecting service of his Complaint in lieu of holding the August 5, 2016 Rule 16 Scheduling Conference. *Id.* On September 21, 2016, this Court held another Rule 16 Scheduling Conference/Status Conference regarding service because Plaintiff had still not served his Complaint. *See* ECF No. 19. This Court held a third Rule 16 Scheduling Conference on November 14, 2016, at which time,

the Court again discussed Plaintiff's lack of service of his Complaint on Defendant. *See* ECF No. 20. The Court advised Plaintiff that it would be issuing an order to show cause regarding his failure to serve the complaint. *Id.*

The Court issued the Order to Show Cause on November 14, 2016, ordering Plaintiff to show cause in writing by December 14, 2016, why the case should not be dismissed without prejudice. *See* ECF No. 21. Plaintiff has not filed a response to the Order to Show Cause nor have there been any further filings in this matter.

## DISCUSSION

As this Court has repeatedly advised Plaintiff, he must serve a proper summons and complaint on Defendant for the Court to have jurisdiction over that defendant. *See e.g.* ECF No. 49 at 3 (citing Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.")). Notwithstanding multiple status conferences to discuss service, and an order to show cause why Defendant should not be dismissed for lack of service, Plaintiff has still not established that he has properly served Defendant.

It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); s*ee also Pagano v. OneWest Bank, F.S.B.*, CV 11-00192 DAE-RLP, 2012 WL 74034, at *6

(D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the claims against Defendant is appropriate given Plaintiff's failure to prosecute.

    First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for over a year and a half, and Plaintiff has failed to perfect service on Defendant. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why he is unable to properly serve Defendant.

Third, the risk of prejudice to Defendant weighs heavily in favor of dismissal. Defendant will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to assist Plaintiff in effecting service and has issued an order to show cause warning Plaintiff that failure to respond would result in a recommendation that this action be dismissed without prejudice. *See* ECF No. 21 at 2-3. Nonetheless, the record reflects that Plaintiff has neither served Defendant nor responded to this Court's Order to Show Cause. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel him to take the necessary steps to prosecute this action.

Finally, the Court concedes that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute his case and has failed to respond to this Court's Order to Show Cause, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice.  The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, these factors do not weigh "strongly" in favor of dismissal. *See In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Hawai'i Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal).  Accordingly, although the Court FINDS that dismissal is appropriate, this Court RECOMMENDS that the district court dismiss the claims against Defendant USPS Post Office without prejudice.

## CONCLUSION

The Court FINDS that it has been over a year and a half since Plaintiff filed his Complaint against Defendant.  Plaintiff has neither perfected service on Defendant, nor shown good cause for his failure to do so.  As such, the court RECOMMENDS that the action be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, June 9, 2017.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CIVIL No. 15-00495 LEK-KJM; *Hackett v. USPS Post Office*; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION